IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIORESOURCE, INC., a California Corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>US PHARMACO DISTRIBUTION, LTD., BERNARD ARMANI, SHELLY LEONHARDT, and DOES 1 through 50,<br><br>          Defendants.                              / | No. C 10-1053 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

Defendants' motion to dismiss is scheduled for a hearing on July 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss, GRANTS plaintiff leave to amend the complaint, and GRANTS defendants' motion to strike the declaration of Rachael Erickson.

**BACKGROUND**

On March 11, 2010, plaintiff BioResource, Inc. ("BioResource") filed a complaint against US PharmaCo Distribution, Ltd., Bernard Armani, Shelly Leonard and "Doe-defendants" 1 through 50 (collectively "PharmaCo"). BioResource alleges that in 1998 it signed a contract with a German company, SanPharma, giving BioResource the sole and exclusive rights to sell certain of SanPharma's pharmaceutical products in the United States and its territories, and in Canada. Compl. ¶ 5. BioResource

1  alleges that from 1998 until the present, SanPharma "continued to do business with Plaintiff
2  BioResource including delivering products to BioResource for North American Distribution." *Id*. The
3  complaint alleges that BioResource "is the lawful owner of the SanPharma trademark in the United
4  States of America," and that BioResource has marketed SanPharma products "through its trademark
5  SanPharma since 1998 to the present pursuant to [the] exclusive contract [with SanPharma]." *Id*. ¶ 6.

6  The complaint alleges that PharmaCo has marketed and is currently marketing some or all of
7  these same products through a trademark called "Symbiopathic." *Id*. ¶ 7. The complaint also alleges
8  that PharmaCo has claimed to be the exclusive distributor of SanPharma products in North America.
9  *Id*. ¶¶ 6-7. The complaint alleges that defendants are "unethically and illegally marketing some of all
10 of those products . . . in violation of the 'sole and exclusive rights' paragraph [in the SanPharma-
11 BioResource contract]." *Id*. ¶ 8.

12 The complaint alleges seven state law claims: (1) intentional interference with prospective
13 economic advantage, (2) tortious interference with contract, (3) money had and received, (4)
14 infringement of title, (5) slander of title, (6) false advertising under California Business & Professions
15 Code § 17500, and (7) false advertising under California Business & Professions Code § 17200.
16 PharmaCo has moved to dismiss the first and seventh claims for failure to state a claim. In addition,
17 PharmaCo has moved to strike a declaration filed by plaintiff in opposition to the motion to dismiss.

18

19 **LEGAL STANDARD**

20 Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it
21 fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss,
22 the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
23 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff
24 to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."
25 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading
26 of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."
27 *Twombly*, 550 U.S. at 544, 555.

28 In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court

2

must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      California Business & Professional Code § 17200 (Unfair Competition Law or "UCL")**

PharmaCo has moved to dismiss the seventh cause of action on the ground that plaintiff lacks standing to maintain the claim because the complaint does not allege facts showing that plaintiff is entitled to restitution. As a UCL action is equitable in nature, damages cannot be recovered and prevailing plaintiffs are limited to injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203 (West 2008); *Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1144 (Cal. 2003). In 2004, California's Proposition 64 amended the standing requirement in section 17204 of the UCL by limiting private-party suits to those brought by a claimant "who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204 (West 2008); *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 227-29 (Cal. 2006). Courts have held that "[t]he 2004 amendment essentially stripped private plaintiffs of the power to maintain such a suit unless they could assert an entitlement to restitutionary relief in their own right. A private plaintiff unable to state a factual basis for personally recovering such relief can no longer maintain an action under the UCL." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 245 (Cal. Ct. App. 2010); *see*

3

1 *also Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 817 (Cal. Ct. App. 2007).[1]

2 The complaint alleges that "Plaintiff is hereby damaged by the past and present claim of Defendants and each of them that they are the exclusive owners and distributors of SanPharma, including lost profits, damages and lost business advantage." Compl. ¶ 46. The UCL claim seeks "exemplary and punitive damages in an amount to be determined by the trier of fact." *Id*. ¶ 47. The UCL claim does not seek restitution, nor does it seek injunctive relief. Plaintiff's opposition asserts that its injuries are capable of being remedied through restitution, but neither the complaint nor the opposition provide any detail about the nature of plaintiff's alleged injuries. *See* Opposition at 5:17.

The Court concludes that as pled the UCL claim is defective because the claim seeks relief that is not available under the UCL. Moreover, although plaintiff asserts that its injuries are capable of being remedied through restitution, the complaint does not provide any factual detail regarding how this is so. Therefore, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend this claim.

## II.   Intentional interference with prospective economic advantage

PharmaCo has moved to dismiss this claim on the ground that BioResource has failed to allege that the interference was "wrongful" by some measure beyond the fact of the interference itself. The elements of the tort of intentional interference with prospective economic advantage are as follows: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship;

---

[1] Several courts have held that there is no restitutionary injury requirement under the UCL, and that a plaintiff need only allege a loss of money or property in which the plaintiff had prior possession or a vested legal interest. *See Swain v. CACH, LLC*, ___ F. Supp. 2d ___, No. C 08-5562 JW, 2009 WL 6325530, at *3-4 (N.D. Cal. July 16, 2009); *White v. Trans Union, LLC*, F. Supp. 2d 1079, 1084 (C.D. Cal. 2006) (holding, in an erroneous-credit-report case, where plaintiff alleged "loss of income" and sought only injunctive relief, that plaintiff had standing because UCL "does not require that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property"); *Fulford v. Logitech Inc.*, C No. 08-2041 MMC, 2009 WL 1299088, at *1 (N.D. Cal. May 8, 2009). As plaintiff asserts that its injuries can be remedied by restitution, the Court finds it unnecessary to address whether nonrestitutionary injuries could suffice for UCL standing.

4

and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply*, 29 Cal. 4th at 1153. In addition, a plaintiff must plead "that the defendant's conduct was wrongful by some legal measure other than the fact of interference itself." *Id.* "[A]n act is independently wrongful if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159.

Here, the complaint does not allege that defendants' conduct was wrongful by some measure other than the fact of the interference. Instead, the complaint simply alleges that defendants knew about the economic relationship between SanPharma and BioResource, that defendants "have done intentional acts designed to disrupt the economic relationship between SanPharma of Germany and BioResource, Inc. by distributing products in the United States, its territories and Canada," and that there has been a disruption in the economic relationship between SanPharma and BioResource. Compl. ¶¶ 11-13. BioResource's opposition argues that a UCL violation can constitute the wrongful conduct to support the intentional interference claim. While plaintiff is correct as a theoretical matter, *see CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1110-11 (9th Cir. 2007), *and Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1224 (Cal. Ct. App. 2006), the complaint does not actually allege that a UCL violation is the "wrongful" conduct to support the intentional interference claim. *See* Compl. ¶¶ 9-15. Moreover, to the extent plaintiff wishes to rely on a violation of § 17200 as the "wrongful conduct," the § 17200 claim has been dismissed for the reasons discussed above.

Accordingly, the Court GRANTS PharmaCo's motion to dismiss and GRANTS BioResource leave to amend the complaint to plead facts that are sufficient to establish a facially plausible claim. If BioResource chooses to amend this claim, it should plead how defendants' conduct was wrongful independent of the alleged interference.

### III. Motion to Strike Declaration of Rachael Erickson

In response to the motion to dismiss, plaintiff submitted the Declaration of Rachel Erickson, and plaintiff's opposition cites to a letter attached to that declaration. Defendants have moved to strike the Erickson declaration

5

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). The Erickson declaration constitutes matters outside of the complaint, and thus the Court cannot consider this declaration in connection with the pending motion to dismiss. Accordingly, the Court GRANTS the motion to strike. When amending the complaint, plaintiff is free to refer to the letter and/or include factual allegations based upon the letter.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, plaintiff must file an amended complaint by **July 30, 2010**. The Court GRANTS defendants' motion to strike the Erickson declaration. (Docket Nos. 9, 20).

**IT IS SO ORDERED.**

Dated: July 13, 2010

SUSAN ILLSTON
United States District Judge