IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIORESOURCE, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>US PHARMACO DISTRIBUTION, LTD., BERNARD ARMANI, SHELLY LEONHARDT, and DOES 1 through 50,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 10-1053 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Defendants' motion to dismiss is scheduled for a hearing on October 1, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss and GRANTS plaintiff leave to amend.

**BACKGROUND**

On March 11, 2010, plaintiff BioResource, Inc. ("BioResource") filed a complaint against US PharmaCo Distribution, Ltd., Bernard Armani, Shelly Leonard and "Doe-defendants" 1 through 50 (collectively "PharmaCo"). BioResource alleges that in 1998 it signed a contract with a German company, SanPharma, giving BioResource the sole and exclusive rights to sell certain of SanPharma's pharmaceutical products in the United States and its territories, and in Canada. First Amended Compl. ("FAC") ¶ 5. BioResource alleges that from 1998 until the present, SanPharma "continued to do

business with Plaintiff BioResource including delivering products to BioResource for North American Distribution." *Id*. The FAC alleges that BioResource "is the lawful owner of the SanPharma trademark in the United States of America," and that BioResource has marketed SanPharma products "through its trademark SanPharma since 1998 to the present pursuant to [the] exclusive contract [with SanPharma]." *Id*. ¶ 6.

The FAC alleges that PharmaCo has marketed and is currently marketing some or all of these same products through a trademark called "Symbiopathic." *Id*. ¶ 7. The complaint also alleges that PharmaCo has claimed to be the exclusive distributor of SanPharma products in North America. *Id*. ¶¶ 6-7. The complaint alleges that defendants are "unethically and illegally marketing some or all of those products . . . in violation of the 'sole and exclusive rights' paragraph [in the SanPharma-BioResource contract]." *Id*. ¶ 8.

The amended complaint alleges six state law claims: (1) intentional interference with prospective economic advantage, (2) tortious interference with contract, (3) money had and received, (4) infringement of title, (5) slander of title, and (6) false advertising under California Business & Professions Code § 17500. PharmaCo has moved to dismiss the first claim for intentional interference with prospective economic advantage.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the

2

plaintiff's favor. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

PharmaCo has moved to dismiss plaintiff's amended claim for intentional interference with prospective economic advantage. In an order filed July 13, 2010, the Court previously dismissed this claim with leave to amend, finding that BioResource had failed to allege that the interference was "wrongful" by some measure beyond the fact of the interference itself.[1] The elements of the tort of intentional interference with prospective economic advantage are as follows: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1153 (2003). In addition, a plaintiff must plead "that the defendant's conduct was wrongful by some legal measure other than the fact of interference itself." *Id*. "[A]n act is independently wrongful if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id*. at 1159.

During the briefing on the original motion to dismiss, plaintiff argued that the independently wrongful act was defendants' violation of California's Unfair Competition Law. In dismissing plaintiff's claim for intentional interference with prospective economic advantage, the Court's July 13,

---

[1] The Court also dismissed with leave to amend plaintiff's claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. The amended complaint does not allege a claim under the UCL.

3

2010 order noted that the complaint did not actually allege that the UCL violation was the "wrongful" conduct to support the intentional inference claim. In addition, the Court held that to the extent plaintiff wished to rely on a violation of § 17200 as the "wrongful conduct," the § 17200 claim had been dismissed. The July 13, 2010 order found that the complaint simply alleged that defendants knew about the economic relationship between SanPharma and BioResource, that defendants "have done intentional acts designed to disrupt the economic relationship between SanPharma of Germany and BioResource, Inc. by distributing products in the United States, its territories and Canada," and that there has been a disruption in the economic relationship between SanPharma and BioResource.

Plaintiff argues that the allegations contained in new paragraph 11 allege misrepresentation and fraud, and therefore satisfy the independently wrongful element of the claim. Paragraph 11 alleges,

> BioResource, Inc. holds the exclusive rights in the United States and Canada to sell SanPharma immune-metabolic remedies. There exists an exclusive right to sell SanPharma products with BioResource, Inc. US PharmaCo, Bernard Armani and Shelley Leonhardt are violating this agreement by stating in several areas of their web site that US PharmaCo sells SanPharma and even states that US PharmaCo is the exclusive distributor of SanPharma products in the United States. BioResource's contract to sell SanPharma is still in force and effect and may not be rescinded until one year after a rescission has been requested by either party to the contract in writing. There has, as of yet, been no written (or otherwise) request to end this contract. As present US PharmaCo has no rights to sell SanPharma remedies or to sell SanPharma's symbiopathic private label.

FAC ¶ 11.

Defendants contend that the amended complaint fails to allege independently wrongful conduct for a number of reasons. First, defendants argue the amendment adds nothing because the original complaint also alleged that defendants claimed to be the exclusive distributor of SanPharma products. However, those allegations were not specific to the intentional interference claim, and, as noted *supra*, plaintiff originally asserted that the independently wrongful conduct supporting the intentional inference claim was the alleged violations of the UCL, not that defendants had engaged in fraud or misrepresentation.

Second, and more persuasively, defendants argue that plaintiff's allegations of fraud and misrepresentation are not pled with specificity. The Court agrees. While fraud and misrepresentation can constitute independently wrongful conduct to support a claim for intentional interference with prospective economic advantage, *Rickel v. Schwinn Bicycle Co.*, 144 Cal. App. 3d 648, 659 (1983),

4

1 those allegations must satisfy Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that "In all
2 averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity.
3 Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R.
4 Civ. Proc. 9(b). Rule 9(b) "requires the identification of the circumstances constituting fraud so that the
5 defendant can prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well*
6 *Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.1986) (internal quotation marks omitted). "[T]he pleader
7 must state the time, place, and specific content of the false representations as well as the identities of
8 the parties to the misrepresentation." *Id*. at 1401.

9 Here, the FAC alleges that defendants are violating a contract between BioResource and
10 SanPharma by allegedly representing on defendants' website that defendants are the exclusive
11 distributors of SanPharma products in the United States. These allegations are insufficient because they
12 do not allege the specific content of the false representations, when the representations were made, or
13 why they are false. Defendants also raise a number of factual questions regarding the nature of the
14 plaintiff's contract with SanPharma, and whether that contract provides the broad exclusive
15 distributorship rights that plaintiff claims. As a general matter, these factual questions are not
16 appropriate for resolution at this stage of the litigation. However, to the extent that plaintiff alleges that
17 defendants have engaged in fraud by misrepresenting the parties' contractual rights, the allegations of
18 fraud must be supported by and consistent with the various contracts at issue.

19 Accordingly, the Court GRANTS PharmaCo's motion to dismiss and GRANTS BioResource
20 one final opportunity to amend the claim for intentional interference with prospective economic
21 advantage. If BioResource chooses to amend this claim, it should specifically plead the circumstances
22 surrounding the alleged fraud and misrepresentation.

28 ///

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend. (Docket No. 29). The amended complaint shall be filed no later than **October 15, 2010.**

**IT IS SO ORDERED.**

Dated: September 29, 2010

SUSAN ILLSTON
United States District Judge